UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN ALLEN SWITEK,

                      Petitioner,                      Case No. 1:21-cv-12448

v.                                                          Honorable Thomas L. Ludington
                                                           United States District Judge

STATE OF MICHIGAN,

                      Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Benjamin Allen Switek, confined at the Midland County Jail in Midland, Michigan, seeks a writ of habeas corpus under 28 U.S.C. § 2241.[1] In his pro se petition, Petitioner appears to be challenging his pending criminal prosecution in the Chippewa County Circuit Court for possession of a weapon inside a prison. He contends that, because of that charge, a detainer has been placed on him for the offenses for which he is paroled.[2] Lastly, he claims that he is at risk of contracting COVID-19 while incarcerated. For the reasons stated hereafter, Petitioner's request for a writ of habeas corpus will be dismissed without prejudice.

---

[1] Because Petitioner filed his application for a writ of habeas corpus before he was convicted of his current charge, 28 U.S.C. § 2241(c)(3) is the more appropriate vehicle for his petition, not § 2254. *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008).

[2] Petitioner is on parole for several offenses but is in custody for a possible parole violation. *See* MICH. DEP'T OF CORR., *Biographical Information*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=767054 [https://perma.cc/PPD5-VD2P]. This Court may take judicial notice of information from the Michigan Department of Corrections's Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

I.

A petition for a writ of habeas corpus must present facts that give rise to a federal cause of action, or it may be summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Accordingly, Petitioner's habeas petition will be dismissed if it plainly appears from the petition's face or attached exhibits that Petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

The Sixth Circuit has long held that it "disapprove[s of] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). To that end, this Court is to screen any habeas corpus petition that lacks merit on its face. *Id.* at 141.

No return to a habeas petition is necessary when it is frivolous or obviously lacks merit or when the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Instead, a district court may use Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See, e.g.*, *Perez,* 157 F. Supp. 2d at 796 (additional citations omitted).

Petitioner's petition must be dismissed because he has yet to be convicted of any criminal charges in this case. In the absence of "special circumstances," federal habeas relief is not available to review the merits of an affirmative defense to a state criminal charge before the state court issues a judgment of conviction. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). A state criminal case is ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals. *Allen v. Att'y Gen. of Me.*, 80 F.3d 569, 572 (1st Cir. 1996); *see also Hoard v. Michigan*, No. 2005 WL 2291000, at *1 (E.D. Mich. Sept.

19, 2005). Although federal courts have jurisdiction to hear habeas petitions before trial in limited circumstances, they should generally abstain from exercising jurisdiction over petitions that can be resolved by either trial in the state courts or other state procedures available to the petitioner. *See Atkins v. Michigan*, 644 F.2d 543, 545–546 (6th Cir. 1981).

Claims that would resolve pending state criminal charges may be exhausted only by presentation in the state-court trial, including claims that would provide affirmative defenses, "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). In this way, review of dispositive claims in habeas is practically not available before a state trial. *Id.*

## II.

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. First is when a petitioner claims that his impending state trial would violate the Double Jeopardy Clause of the Fifth Amendment. *See Klein v. Leis*, 548 F.3d 425, 430 n.2 (6th Cir. 2008); *Moore*, 875 F. Supp. at 622 n.2. But Petitioner does not allege that the pending state-court charges violate his rights under the Double Jeopardy Clause. For that reason, the first exception does not apply to Petitioner.

Second is when a state prisoner asserts his speedy trial rights in a pretrial habeas petition to compel a timely trial. *See Atkins*, 644 F.2d at 547. Although pretrial habeas petitions generally cannot dismiss an indictment or prevent a prosecution, a petitioner who has exhausted all available state-court remedies may file a habeas petition to compel the state to begin the trial. *Id.* But Petitioner cannot seek the dismissal of his pending criminal charges with a habeas petition. *Id.* at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986–87 (E.D. Wis. 1999). And Petitioner cannot bring a prejudgment habeas petition seeking dismissal of the charges on speedy trial grounds until the

state proceedings conclude. *See In re Justs. of Superior Ct. Dep't of Mass. Trial Ct.,* 218 F.3d 11, 18 n.5 (1st Cir. 2000) (internal citations omitted). Consequently, Petitioner does not meet the second exception. *Hirsch,* 66 F. Supp. 2d at 987.

Even if Petitioner met one of those exceptions, he must also prove that he has exhausted his state-court remedies because he filed his petition pretrial. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Dillon v. Hutchinson,* 82 F. App'x 459, 461–62 (6th Cir. 2003) (holding pretrial habeas petitioner was not entitled to habeas relief because he failed to exhaust his Interstate Detainer Act (IAD) claim with the state courts); *Schofs v. Warden*, 509 F. Supp. 78, 82 (E.D. Ky. 1981) (refraining from considering merits of petitioner's claims concerning state charges because he did not exhausted his state judicial remedies with respect to his motion to dismiss the charges). Yet Petitioner has failed to allege exhaustion. Accordingly, Petitioner is not entitled to a writ of habeas corpus with respect to any pending criminal charges. *See Dickerson,* 816 F.2d at 228; *Atkins v. Michigan*, 644 F.2d 543, 548 (6th Cir. 1981).

In addition, Petitioner challenges the detainer that was placed on his parole. But he is also not entitled to habeas relief under that ground, as the Sixth Circuit has rejected habeas petitions brought by federal prisoners faced with state detainers for parole violations when the prisoners allege deprivation of due process owing to the court's failure to hold a revocation hearing. *See Phipps v. Runda*, 966 F.2d 1453 (6th Cir. 1992) (unpublished table decision) (holding Kentucky Parole Board did not violate petitioner's due process rights by not conducting a prompt parole-revocation hearing and that parole-violation warrant did not violate petitioner's Eighth Amendment rights despite interfering with his federal security classification); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981) (per curiam) (holding federal prisoner had no right to prompt

revocation hearing on warrant for parole violation issued by state of Kentucky based on his federal conviction and that no rights were violated even though he was not informed about the warrant for over a year).

Moreover, as with his pending criminal prosecution, Petitioner has failed to allege that he has exhausted his state-court remedies with respect to his parole detainer. As a result, Plaintiff is also not entitled to habeas relief on that ground.

Finally, Petitioner alleges that he is in danger of contracting COVID-19 in either prison or jail. When a prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact or extent of confinement, which is a cognizable habeas claim under 28 U.S.C. § 2241. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). On the other hand, conditions-of-confinement claims that seek either improvement of prison conditions or a transfer to another facility are not cognizable under § 2241. *Id.* (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).

But Petitioner's claims are not cognizable in habeas because he does not allege that there is no set of conditions of confinement that would remedy his risk of contracting COVID-19. *Wilson*, 961 F.3d at 838. Claims that challenge the conditions of confinement are properly brought as a civil-rights complaint under 42 U.S.C.§ 1983. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). After a district court determines that the substance of a state prisoner's pro se habeas petition is more appropriately reached under 42 U.S.C. § 1983, the court should dismiss the petition without prejudice to allow the petitioner to raise his potential civil-rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (holding the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to

allow petitioner to raise his potential civil-rights claims under § 1983 rather than to recharacterize it as a § 2254 petition without notice to petitioner). Accordingly, Petitioner's claims will be dismissed without prejudice so that he can bring his claims in a separate civil-rights action if he so elects.

### III.

Before Petitioner may appeal this Court's dispositive decision, he must receive a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). Petitioner may receive such a certificate only if he "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."). In applying that standard, this Court may not conduct a full merits review but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El*, 537 U.S. at 336–37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

After consideration, this Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, a certificate of appealability is not warranted in this case. This Court also concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

### IV.

- 7 -

Accordingly, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

Dated: November 2, 2021                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge